IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW WOLTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 03-3251-KHV |
| | ) |
| N.L. CONNER et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This case comes before the court on the motion of pro se plaintiff for appointment of an expert witness **(doc. 108)**. Defendants have not responded, and the time for doing so has passed. For the reasons set forth below, plaintiff's motion will be denied.

Plaintiff asks the court to appoint an expert witness to aid in his case. Although plaintiff refers to this expert as "court-appointed," he does not suggest whether the fees for that expert witness be paid by the court, defendant, or both the court and defendant. Plaintiff argues that this expert is necessary to offer testimony as to the risks of low blood sugar and the need for a proper diet. Plaintiff also argues that some luncheon meat can lead to stomach cancer; plaintiff explains that defendants exposed him to stomach cancer by providing him a sandwich containing luncheon meat every day for twenty months.[1]  Finally, plaintiff claims that an expert

---

[1] Plaintiff does not claim in his amended complaint (doc. 48) that defendants exposed him to stomach cancer or that he now suffers from stomach cancer as a result of defendants' actions. Therefore, the court will not consider this portion of his argument, as expert testimony regarding this issue would have no bearing on the claims set forth in plaintiff's amended complaint.

can support plaintiff's claims that he suffered extreme fatigue and weight loss as a result of defendants' actions.[2]  As explained below, the court respectfully disagrees that an expert is necessary.

Under Fed. R. Evid. 706, the court, on its own motion or on the motion of a party, may appoint an expert witness.[3]  The determination to appoint an expert rests solely in the court's discretion and is to be informed by such factors as the complexity of the matters to be determined and the court's need for a neutral, expert view.[4]  Where such an expert is appointed, his or her compensation is to be paid by the parties; however, where, as in this action, one of the parties is indigent, in compelling circumstances the court may assess the entire cost of the expert's compensation to the other party.[5]

As a general matter, the court concludes that such measures should be taken sparingly,

---

[2] The court notes that plaintiff has not indicated who his proposed expert is or how much it would cost to retain him or her.

[3] Fed. R. Evid. 706 allows court to appoint an expert in certain cases.  The rationale of Rule 706 is to allow the court to appoint a *neutral* expert to explain issues to the finder of fact.  This rule is aimed at avoiding the common situation in which competing experts advance contradictory arguments and the trier of fact is left to determine which expert is correct.  *See* Glen Weissenberger, Federal Rules of Evidence: Rules, Legislative History, Commentary and Authority § 706.1 (3d ed. 1998) (citations omitted).

[4] *See Ledford v. Sullivan*, 105 F.3d 354, 358-59, 361 (7th Cir.1997); *Reynolds v. Goord*, No. 98-6722, 2000 WL 825690, at *2 (S.D.N.Y. June 26, 2000) (court determined that a court-appointed expert would be of assistance because of complex issues of infectious disease, public health, and correctional medicine, as well as the significant public policy implications presented by the case).

[5] *See* Fed.R.Evid. 706(b); *Ledford*, 105 F.3d at 361; *McKinney v. Anderson*, 924 F.2d 1500, 1510-11 (9th Cir. 1990); *Webster v. Sowders*, 846 F.2d 1032, 1038 (6th Cir. 1988); *Reynolds*, 2000 WL 825690, at *3.

particularly given the large volume of indigent prisoner cases and the substantial expense that defendant or the court would have to bear if the court were to appoint an expert. Moreover, other courts have held that it is unnecessary to appoint experts to testify as to issues that are not central to the case.[6]

Expert testimony is not necessary for plaintiff to prove his claims in the case at bar. In order to prevail on his claim of retaliation, plaintiff must prove that he was fed luncheon meat or cheese sandwiches in retaliation for filing a grievance.[7] To do this, plaintiff simply must prove that, but for defendant's retaliatory motive, defendant would not have fed plaintiff luncheon meat or cheese sandwiches. While the adequacy of plaintiff's meals is remotely related, a jury is capable of determining whether food is adequate; no expert testimony is required in order to explain this issue to the jury.

Reading plaintiff's amended complaint very broadly, plaintiff may also claim that he was denied medical care in retaliation for filing a grievance.[8] Plaintiff claims that he requested a medical diet, but was denied. Plaintiff claims that he suffered from extreme fatigue and weight

---

[6] *Pabon v. Goord*, No. 99-5869, 2001 WL 856601, at *2 (S.D.N.Y. Jul. 30, 2001) (court did not appoint an expert regarding the plaintiff's medical diagnosis, even though case involved claims of deliberate indifference to plaintiff's serious medical needs, because in "Eighth Amendment medical care cases, where a prisoner is alleging deliberate indifference to his serious medical needs, the subjective element of deliberate indifference turns on the state of mind of the official . . .. An analysis of this issue does not involve probing, complex questions concerning medical diagnosis and judgment.") (citations omitted).

[7] Doc. 48, at 1.

[8] *Id.* at 3.

loss because of a substandard diet.

Again, no expert witness is required to prove either of plaintiff's claims. Plaintiff's retaliation claim(s) require that he prove that, but for the grievance he filed and the retaliatory motive of defendants, defendants would not have fed him such sandwiches and would have put him on a medical diet, as he requested. No expert will aid in his proof on these issues.

The court also concludes that the issue of whether plaintiff suffered weight loss or extreme fatigue only pertain to his damages, rather than to his substantive retaliation claim. As noted above, the court will not appoint an expert to testify regarding an issue that is by no means central to issues in this case.

Further, the court concludes that plaintiff's testimony regarding his alleged medical condition is sufficient to inform the jury of his allegations. Fatigue and weight loss are not such complicated medical conditions that the jury will require an expert's testimony in order to understand plaintiff's complaints.

Moreover, even if the court were to determine that expert testimony was appropriate in this case, the Tenth Circuit has previously held "that § 1915(a)'s waiver of prepayment of 'fees or costs' does not authorize the federal courts to waive or order payment of witness fees for a civil litigant proceeding in forma pauperis."[9] The court concludes that plaintiff has failed to demonstrate his entitlement to have expert witness fees waived or paid at defendant's or the court's expense. Plaintiff's motion for appointment of expert witnesses **(doc. 108)** is

---

[9] *Hooper v. Tulsa County Sheriff Dept.*, 113 F.3d 1246, 1997 WL 295424 *2 (10th Cir. 1997) (citations omitted).

therefore denied.

Copies of this order shall be served electronically upon all counsel of record and shall be sent by regular and certified mail to the pro se plaintiff.

Dated this 25th day of April, 2005, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge
