## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANDREW WOLTERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 03-3251-KHV** |
| **ESTATE OF N.L. CONNER,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### ORDER

Plaintiff, an inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit against the estate of N.L. Conner, former warden at USP-Leavenworth. On April 2, 2004, the Court dismissed plaintiff's complaint without prejudice for failure to exhaust administrative remedies. It granted plaintiff leave to amend his complaint, however, to include only his exhausted claim that in retaliation for his complaint of assault by a prison guard, Warden Conner denied him adequate food beginning on January 28, 2003. This matter is before the Court on plaintiff's Request For Subpoena Of Evidence (Doc. #110) filed April 13, 2005, which the Court construes as a motion to delay ruling on defendant's motion for summary judgment until plaintiff can obtain discovery.

In its motion for summary judgment, defendant asserts that in response to 15 inmate assaults on staff between October of 2002 and January of 2003, Warden Conner changed the procedures for meals in the Special Housing Unit so that when staff picked up lunch trays, they gave inmates cold dinner meals. This procedure reduced the number of times that staff had to unlock cell doors and food slots. Plaintiff

seeks some 54 hours of video surveillance of the Special Housing Unit in an attempt to dispute the exact number of inmate assaults which occurred between October of 2002 and January of 2003.

Rule 56(f), Fed. R. Civ. P., allows a party to submit an affidavit "that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition" and permits the Court to order a continuance to permit further discovery. The Court has discretion whether to grant a motion under Rule 56(f). See Jensen v. Redevelopment Agency, 998 F.2d 1550, 1553-54 (10th Cir. 1993). The rule is not invoked by the mere assertion that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Pasternak v. Lear Petro. Explor., Inc., 790 F.2d 828, 833 (10th Cir. 1986). Plaintiff's motion does not include an affidavit in compliance with Rule 56(f). See Jensen, 998 F.2d at 1554. Moreover, discovery in this case has been stayed. See Order (Doc. #35). Plaintiff has not shown adequate justification to lift the stay. Finally, the requested discovery is only marginally relevant to plaintiff's claim that in retaliation for his complaint of assault by a prison guard, Warden Conner denied him adequate food beginning January 28, 2003.

**IT IS THEREFORE ORDERED** that plaintiff's Request For Subpoena Of Evidence (Doc. #110) filed April 13, 2005, which the Court construes as a motion to delay ruling on defendant's motion for summary judgment until plaintiff can obtain discovery, be and hereby is **OVERRULED**.

Dated this 2nd day of June, 2005 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge