IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANDREW WOLTERS,                    )
                                   )
                Plaintiff,         )
                                   )
v.                                 )        Case No. 03-3251-KHV
                                   )
WARDEN N.L. CONNER, et al.,        )
                                   )
                Defendants.        )

## ORDER

    This case comes before the court on pro se plaintiff's motion **(doc. 124)** for reconsideration of the court's April 25, 2005 order (doc. 119).  Defendants have not yet responded, and the time for doing so has not passed.  However, because it is clear that plaintiff's motion should be denied, the court will rule without awaiting further briefing.

    Plaintiff asks the court to reconsider its April 25, 2005 order (doc. 119).  By way of that order, the court denied plaintiff's request for appointment of an expert witness, presumably to be paid at court expense.   As set forth in that order, the court based its decision to deny plaintiff's motion for appointment of an expert on many grounds.  Particularly, the court noted that the expert medical witness plaintiff sought would only testify as to plaintiff's medical claims, which are in no way central to this retaliation case.  Under the law of this district, the court concluded that it would not be appropriate to appoint an expert witness under the circumstances of this case.

    D. Kan. Rule 7.3, in pertinent part, provides:

A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge.

. . . .

(b) Motions seeking reconsideration of non-dispositive orders shall be filed within ten days after the filing of the order unless the time is extended by the court.  A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

The court notes that plaintiff's time for filing a motion to reconsider lapsed on May 12, 2005.  Plaintiff did not file the instant motion until May 17, 2005.  Therefore, the court could simply deny the instant motion as untimely.  However, the court will address the merits of plaintiff's motion.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion.[1]  A motion to reconsider gives the court the opportunity to correct manifest errors of law or fact and to review newly discovered evidence.[2]  A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[3]

---

[1]  *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2]  *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992).

[3]  *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482 (D. Kan. 1994); *Major v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981).

Plaintiff has presented no new evidence.  Nor has the court misapprehended the facts, applicable law, or any party's position.[4]  Moreover, nothing in plaintiff's instant motion would lead the court to reach a different conclusion regarding its decision to deny plaintiff's motion for appointment of an expert witness.  Therefore, the court is not persuaded that its order was erroneous or that its ruling will cause manifest injustice.

For these reasons, plaintiff's motion for reconsideration **(doc. 124)** is denied.  Copies of this order shall be served electronically upon counsel and sent by regular and certified mail to pro se plaintiff.

IT IS SO ORDERED.

Dated this 20th day of June, 2005, at Kansas City, Kansas.


  s/   James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[4]  Although plaintiff claims that the undersigned's order "raises (sic) to the level of stupidity and gross error," the plaintiff is incorrect in his assumption that the court misunderstood plaintiff's position that his medical claims are central to his case.  The court simply disagrees. The court merely noted that the single substantive claim at issue in this lawsuit is plaintiff's retaliation claim, and that medical testimony (which plaintiff admits will relate only to his damages) will have no bearing on that claim.