## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW WOLTERS,              )<br>                                           )<br>                   **Plaintiff,**   )<br>                                           )     **CIVIL ACTION**<br>v.                                       )<br>                                           )     **No. 03-3251-KHV**<br>ESTATE OF N.L. CONNER,  )<br>                                           )<br>                   **Defendant.**   )<br>_____) | |

### MEMORANDUM AND ORDER

Plaintiff, an inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit against the estate of N.L. Conner, former warden at USP-Leavenworth. This matter is before the Court on defendant's Motion For Dismissal With Prejudice Due To Malicious Prosecution (Doc. #158) filed January 12, 2006. For reasons stated below, defendant's motion is overruled.

### Factual Background

Plaintiff proceeds *in forma pauperis* under 28 U.S.C. § 1915. On April 2, 2004, the Court dismissed plaintiff's complaint without prejudice for failure to exhaust administrative remedies. It granted plaintiff leave to amend his complaint, however, to include only his exhausted claim that in retaliation for his complaint of assault by a prison guard, Warden Conner denied him adequate food beginning January 28, 2003. On April 9, 2004, plaintiff filed an amended complaint. Liberally construed, plaintiff's amended complaint asserts cruel and unusual punishment and retaliation for filing prison grievances. Plaintiff alleges that (1) by instructing staff to cut food portions, to deny inmates hot dinner meals and to deny plaintiff heart healthy meals, Warden Conner subjected him to cruel and unusual punishment and (2) Warden Conner

instructed staff to cut food portions, delete hot dinner meals and deny plaintiff heart healthy meals in retaliation for plaintiff's filing of grievances.

Defendant is represented by the United States Attorney's Office. In 2004 and 2005, government counsel received several threatening letters. Plaintiff purportedly sent them. See Exhibits B, C, E, F, G, H, I and J to Motion For Dismissal (Doc. #158). On July 29, 2005, the Court overruled defendant's motion to dismiss or for summary judgment. See Memorandum And Order (Doc. #133). On August 17, 2005, the Court appointed counsel for plaintiff. See Order (Doc. #135). In January of 2006, government counsel received another threatening letter, purportedly from plaintiff. See Exhibit A to Motion For Dismissal (Doc. #158). Defendant seeks to dismiss the case because of the threatening letters.

## **Analysis**

Because of the threatening letters to defense counsel, defendant seeks to dismiss this case as a "malicious action" under 28 U.S.C. § 1915. Even if the Court assumes that plaintiff sent the letters outlined in defendant's motion, however, defendant is not entitled to dismissal. Under 28 U.S.C. § 1915(e)(2)(B)(i), an action filed without prepayment of fees shall be dismissed at any time if a court determines that the action is frivolous or malicious. The statute authorizes dismissal when an action, i.e. a lawsuit – not some other conduct by plaintiff – is malicious. For example, if a party commits an independent tort or crime against opposing counsel at a deposition, the remedy ordinarily lies in a separate civil or criminal action, not dismissal of potentially meritorious claims in the underlying action. The Court previously ruled that plaintiff presented sufficient evidence to survive defendant's motion to dismiss or for summary judgment. See Memorandum And Order (Doc. #133). Accordingly, plaintiff's action is not

malicious.[1]

Of course, the Court is concerned about the alleged threats on government counsel. The Court assumes, however, that government counsel has reported the alleged threats to appropriate authorities and that the matter will be resolved in due course.

**IT IS THEREFORE ORDERED** that defendant's Motion For Dismissal With Prejudice Due To Malicious Prosecution (Doc. #158) filed January 12, 2006 be and hereby is **OVERRULED.**

Dated this 21st day of February, 2006 at Kansas City, Kansas.

                                         s/ Kathryn H. Vratil
                                         KATHRYN H. VRATIL
                                         United States District Judge

---

[1] One federal district court has dismissed a plaintiff's claims under 28 U.S.C. § 1915 based on threats against government counsel. See Nelson v. Faves, 140 F. Supp.2d 319 (S.D.N.Y. 2001). The Court declines to follow Nelson because Section 1915 only permits dismissal of malicious lawsuits, not meritorious lawsuits by malicious individuals. Even under Nelson, the district court warned plaintiff about the consequences of his conduct before dismissal. See id. at 322. The Court has not previously cautioned plaintiff about the consequences of further threats against government counsel.