## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW WOLTERS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ESTATE OF N.L. CONNER, )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 03-3251-KHV |

### MEMORANDUM AND ORDER

Plaintiff, an inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit against the estate of N.L. Conner, former warden at USP-Leavenworth. Plaintiff alleges that Warden Conner denied him adequate food in retaliation for plaintiff's complaints and grievances against prison officials in violation of the First Amendment and that the denial of food constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks damages under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). This matter is before the Court on defendant's <u>Motion Pursuant To Fed. R. Civ. P. 72 For Review Of Magistrate's Order Granting Plaintiff's Motion For Leave To Amend Complaint</u> (Doc. #160) filed January 25, 2006. For reasons stated below, defendant's motion is sustained in part.

### Factual Background

Plaintiff proceeds *in forma pauperis* under 28 U.S.C. § 1915. On April 2, 2004, the Court dismissed plaintiff's complaint without prejudice for failure to exhaust administrative remedies. It granted plaintiff leave to amend his complaint, however, to include only his exhausted claim that in retaliation for his

complaint of assault by a prison guard, Warden Conner denied him adequate food beginning January 28, 2003. On April 9, 2004, plaintiff filed a first amended complaint. Liberally construed, plaintiff's amended complaint asserted cruel and unusual punishment and retaliation for filing prison grievances. Plaintiff alleged that (1) by instructing staff to cut food portions, to deny inmates hot dinner meals and to deny plaintiff heart healthy meals, Warden Conner subjected him to cruel and unusual punishment and (2) Warden Conner instructed staff to cut food portions, delete hot dinner meals and deny plaintiff heart healthy meals in retaliation for plaintiff's filing of grievances.

On July 29, 2005, the Court overruled defendant's motion to dismiss or for summary judgment. On August 19, 2005, the Court appointed counsel for plaintiff. On November 16, 2005, Magistrate Judge James P. O'Hara entered a revised scheduling order which set a deadline of December 19, 2005 to file motions to amend the pleadings. On December 19, 2005, plaintiff filed a motion for leave to file a second amended complaint. In the proposed second amended complaint, in support of his claims of cruel and unusual punishment and retaliation, plaintiff added an allegation that Warden Conner served him spoiled food in violation of the Eighth Amendment and in retaliation for his filing of grievances. In addition, plaintiff clarified that he brought his Eighth Amendment claim and his First Amendment retaliation claim under Bivens. Plaintiff also prefaced the listing of specific incidents of retaliation with the additional phrase "among other things." Finally, plaintiff added to his retaliation claim an allegation that his grievances substantially motivated "others acting on [Warden Conner's] behalf or at his direction."[1]

Defendant objected to the proposed amended complaint because it was (1) untimely and

---

[1] Plaintiff made further cosmetic changes to his first amended complaint which was filed *pro se*. The additional changes are not relevant to defendant's motion for review.

(2) broader than the limited claims which the Court held that plaintiff had exhausted. On January 10, 2006, Judge O'Hara sustained plaintiff's motion to amend. In doing so, Judge O'Hara held that (1) the motion was timely under the revised scheduling order and (2) plaintiff's proposed amended complaint did not go beyond the limited claims which the Court held that plaintiff had exhausted. Defendant seeks review of Judge O'Hara's order.

## Standards For Review Of Magistrate Judge Non-Dispositive Order

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Id.; see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991) (district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

## Analysis

Defendant seeks review of Judge O'Hara's order because (1) Judge O'Hara did not give defendant an opportunity to respond to plaintiff's revised proposed complaint, which was attached to plaintiff's reply; (2) the motion to amend was untimely; and (3) the second amended complaint includes an allegation that food service personnel served spoiled food in violation of the Eighth Amendment and in

retaliation for grievances and committed other unspecified acts of retaliation which go beyond the limited claims which the Court determined that plaintiff has exhausted.

Defendant first argues that the magistrate judge considered plaintiff's revised proposed second amended complaint, which was attached to the reply in support of his motion to amend, without giving defendant an opportunity to respond. In the revised proposed complaint, plaintiff made a few minor corrections, such as changing the word "insufficient" to "sufficient" in Paragraph 8(e), and added a boilerplate allegation that he had exhausted administrative remedies. Such minor changes did not prejudice defendant. The magistrate judge appropriately considered the revised second amended complaint attached to plaintiff's reply.

Defendant next argues that the magistrate judge should have overruled plaintiff's motion to amend as untimely. The magistrate judge overruled defendant's objection because the motion to amend was timely under the revised scheduling order. Defendant maintains that even though plaintiff's motion was timely under the *revised* scheduling order, plaintiff did not file his motion to amend by the *original* deadline of April 16, 2004 which the Court set forth in its Memorandum And Order (Doc. #46) filed April 2, 2004. Defendant did not seek review of the magistrate judge's revised scheduling order which set forth a new deadline for motions to amend. Accordingly, the Court overrules defendant's timeliness objection.

Defendant maintains that the magistrate judge erred by allowing plaintiff to file a second amended complaint which amended his Eighth Amendment and retaliation claims to include an allegation that food service personnel served spoiled food. The Court previously addressed this allegation as follows:

> In his opposition brief, plaintiff states that he was served spoiled meat for some ten days beginning in late January of 2003 and that spoiled food was served regularly. Although plaintiff raised the issue of spoiled food in his administrative complaint, he did not

>    include such allegations in his complaint or amended complaint.  Moreover, in his
>    administrative complaint, plaintiff stated that inmates were served spoiled food because of
>    improper food handling, not because of any decision by Warden Conner.

Memorandum And Order (Doc. #133) filed July 29, 2005 at 10 n.9.  Plaintiff concedes that he did not include an allegation of spoiled food in his original or first amended complaint, but he argues that his failure to do so is not an adequate reason to deny him leave to add such an allegation at this time.  Plaintiff's lawsuit has been on file since 2003, however, and the purpose of plaintiff's second amended complaint was to "clean[] up the pleadings," not to add allegations which had not been raised in the original or first amended complaint.  Reply Supporting Plaintiff's Motion To Amend His Complaint (Doc. #151) filed January 3, 2006 at 1.  Plaintiff should have sought leave earlier to add new claims of Eighth Amendment violations and retaliation.  In any event, the Court has already held that in his administrative complaint, plaintiff stated that prison staff served spoiled food because of "improper food handling."  Memorandum And Order (Doc. #133) at 10 n.9.  Plaintiff disagrees with the Court's assessment of his administrative complaint, but he has not cited any portion of his administrative complaint which alleges that Warden Conner "directed staff to serve spoiled food" in violation of the Eighth Amendment or in retaliation for his various complaints and grievances against prison officials.  Plaintiff's Reply (Doc. #151) at 5 n.2.  Plaintiff's administrative complaint simply asserts that food service personnel served spoiled food because of improper handling.  See, e.g., Regional Administrative Remedy Appeal ("Food service routinely serve[s] leftover food spoil[ed] from improper handling."), Exhibit 12 to defendants' Memorandum In Support Of Defendants' Motion To Dismiss, Or In The Alternative, Motion For Summary Judgment (Doc. #25).  Because the Court previously ruled that plaintiff did not administratively exhaust his complaint of spoiled

food, the magistrate judge erred by permitting plaintiff to add such an allegation in support of his claims in the second amended complaint.[2]

Defendant also objects to plaintiff's second amended complaint because it prefaces the listing of specific incidents of retaliation with the phrase "among other things." Plaintiff argues that this language merely provides him room to assert that Warden Conner employed additional methods of retaliation if evidence adduced during discovery will support such assertions. Plaintiff's Reply (Doc. #151) at 6. As explained above, this case is at an advanced stage. Evidence of other acts of retaliation may be relevant to plaintiff's claims in his second amended complaint, and may be admissible to prove Warden Conner's motive, but plaintiff may not assert such acts of retaliation as independent grounds for relief. The Court has previously explained that under the Prison Litigation Reform Act, 42 U.S.C. § 1997e, exhaustion of administrative remedies is a pleading requirement. See Memorandum And Order (Doc. #46) filed April 2, 2004 at 4 (citing Steele v. Fed. Bur. of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)). A prisoner must plead his claims with a short and plain statement showing that he is entitled to relief and attach "a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome." Id. (citing Steele, 355 F.3d at

---

[2] Plaintiff argues that he deserves the opportunity to marshal evidence to support his assertion. See Plaintiff's Reply (Doc. #151) at 5 n.2. If this case was at an early stage, the Court would agree. In his original complaint in June of 2003 and in his first amended complaint in April of 2004, however, plaintiff had the opportunity to assert Eighth Amendment and retaliation claims based on spoiled food. He chose not to do so. In July of 2005, the Court ruled on defendant's motion for summary judgment and specifically noted that such a claim is not in the original or first amended complaints or even in an administrative complaint. Plaintiff did not seek reconsideration of the Court's ruling on his claims and waited some five months to file a motion to amend. As explained above, the purpose of the second amended complaint was to clean up the pleadings, not to substantively expand plaintiff's claims after an adverse ruling on a motion for summary judgment.

1210). General allegations of retaliation are insufficient for the Court to determine whether plaintiff has exhausted his administrative remedies on such claims. Therefore, the magistrate judge erred by allowing plaintiff to add the phrase "among other things" before listing the specific incidents of retaliation in the second amended complaint.

Finally, defendant objects to plaintiff's second amended complaint because it alleges that plaintiff's grievances substantially motivated N.L. Conner "and others acting on his behalf or at his direction." See Second Amended Complaint (Doc. #157) ¶ 9. Plaintiff's allegation is improper for two reasons: (1) it is insufficient for defendant or the Court to determine whether plaintiff has exhausted administrative remedies on such a claim and (2) it apparently seeks to establish defendant's liability under Bivens based on a theory of respondeat superior.[3] See Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976) (Bivens action against superior only if plaintiff shows "affirmative link" to subordinate's actions); Martinez v. Lappin, 2004 WL 2457800, at *2 (D. Kan. Nov. 1, 2004) (director of BOP cannot be liable for conduct of other officials under Bivens); Whayne v. State of Kansas, 980 F. Supp. 387, 394 (D. Kan. 1997) (must allege actual and knowing participation for Bivens liability). Evidence of the acts of individuals acting on behalf of Warden Conner may be relevant to plaintiff's claims at trial, but such acts by themselves are insufficient to show an affirmative link between Warden Conner and the actions of his subordinates. Therefore the magistrate judge erred by permitting plaintiff to amend his retaliation claim to allege that unnamed individuals acted on behalf of Warden Conner or at his direction.

---

[3] To the extent plaintiff's allegation pertains only to Warden Conner's directions (or other "affirmative link") to subordinates as to the specific retaliatory acts in Paragraphs 8(a), 8(b), 8(c) and 8(e), the allegation is appropriate. Such an allegation, however, is not necessary because such evidence would be admissible in any event.

A pretrial conference in this case is already scheduled.  Although the Court sustains defendant's motion in part, the Court declines to direct plaintiff to file another complaint.  In the interest of efficiency, the Court directs the parties to incorporate the above rulings in the pretrial order.

**IT IS THEREFORE ORDERED** that defendant's Motion Pursuant To Fed. R. Civ. P. 72 For Review Of Magistrate's Order Granting Plaintiff's Motion For Leave To Amend Complaint (Doc. #160) filed January 25, 2006 be and hereby is **SUSTAINED in part.**  The pretrial order shall exclude (1) plaintiff's allegation that Warden Conner served him spoiled food as alleged in Paragraphs 8(d) and 14 of the Second Amended Complaint (Doc. #157); (2) reference to acts of retaliation other than those specifically identified in Paragraphs 8(a), 8(b), 8(c) and 8(e) of the Second Amended Complaint (Doc. #157); and (3) any allegation that plaintiff's grievances substantially motivated "others acting on [Warden Conner's] behalf or at his direction" as alleged in Paragraph 9 of the Second Amended Complaint (Doc. #157).  Defendant's motion is otherwise overruled.

Dated this 21st day of April, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
