# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW WOLTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 03-3251-KHV |
| ESTATE OF N.L. CONNER, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff, an inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit against the estate of N.L. Conner, former warden at USP-Leavenworth. Plaintiff alleges that Warden Conner denied him adequate food in retaliation for plaintiff's complaints and grievances against prison officials in violation of the First Amendment and that the denial of food constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter is before the Court on Defendant's Motion To Dismiss Second Amended Complaint And/Or For Judgment On The Pleadings (Doc. #226) filed July 7, 2006. For reasons stated below, defendant's motion is overruled.

## Analysis

Defendant seeks dismissal of plaintiff's second amended complaint because (1) it is facially insufficient to invoke the Court's subject matter jurisdiction under Bivens; (2) it is insufficient to state a claim upon which relief can be granted as plaintiff fails to allege any well pleaded facts in support of his claims; (3) plaintiff failed to exhaust administrative remedies; (4) it is barred by the statute of limitations; and (5) it

is insufficient to overcome defendant's entitlement to qualified immunity as a matter of law. See Defendant's Memorandum In Support Of Defendant's Motion To Dismiss Second Amended Complaint And/Or For Judgment On The Pleadings (Doc. #227) filed July 7, 2006 at 2. The Court declines to address these arguments which challenge plaintiff's second amended complaint because (1) the motion is untimely and (2) the Court has entered a pretrial order which supersedes the second amended complaint.[1] See Pretrial Order And Order To Show Cause (Doc. #239) filed August 3, 2006 at 1 ("pretrial order shall supersede all pleadings and control the subsequent course of this case"); Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

Defendant's motion also lacks substantive merit. Plaintiff's claims (as articulated in the first amended complaint) survived defendant's motions to dismiss and for summary judgment. Although defendant professes an inability to comprehend the remaining claims, the Court has articulated them, as precisely as it can, on several occasions. See Memorandum And Order (Doc. #133) filed July 29, 2005 at 8, 14 (complaint limited to only exhausted claim, i.e. that defendant denied plaintiff adequate food beginning in January of 2003 by cutting food portions and denying plaintiff heart healthy meals so that

---

[1] Plaintiff filed his second amended complaint on January 11, 2006. On January 25, 2006, defendant filed an answer to plaintiff's second amend complaint without filing a motion to dismiss. Furthermore, defendant did not file a motion to dismiss within 10 days after the Court overruled its objections to the magistrate's order granting plaintiff leave to amend. See Fed. R. Civ. P. 15(a) (party must plead in response to amended pleading within 10 days after service of the amended pleading). Instead, defendant invoked a literal interpretation of the scheduling order, which provided that "any dispositive motions, including but not limited to motions for summary judgment," must be filed by July 7, 2006. Second Amended Scheduling Order (Doc. #184) filed April 27, 2006 at 3. Though a motion to dismiss is technically a dispositive motion, the deadline for dispositive motions does not resuscitate defendant's opportunity to move to dismiss prior complaints, particularly after a pretrial order has been entered. Such an interpretation of the scheduling order would result in confusion and waste of time for the parties and the Court.

plaintiff lost a lot of weight and suffered from extreme fatigue); see also Memorandum And Order (Doc. #45) filed April 1, 2004 at 8-9, 12 (plaintiff may pursue only exhausted claim related to inadequate food). Although court-appointed counsel filed a second amended complaint to "clean up" the pleadings, defense counsel insists that she does not know what cause of action plaintiff is alleging or the theory of plaintiff's case. See Transcript (Doc. #247) at 9-13. Although the second amended complaint could have been more detailed and more closely in compliance with the Court's prior orders, the Court is baffled how defense counsel can claim that she does not know the theory of plaintiff's case, i.e. that in retaliation for an inmate grievance and in violation of the Eighth Amendment, Warden Conner denied plaintiff adequate food beginning in January of 2003. As the Court has explained, plaintiff alleges that Warden Conner did so by cutting food portions and denying plaintiff heart healthy meals so that plaintiff lost weight and suffered from extreme fatigue.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion To Dismiss Second Amended Complaint And/Or For Judgment On The Pleadings (Doc. #226) filed July 7, 2006 be and hereby is **OVERRULED**.

Dated this 24th day of August, 2006 at Kansas City, Kansas.

                                                 s/ Kathryn H. Vratil
                                                 KATHRYN H. VRATIL
                                                 United States District Judge

---

[2] The Court recognizes that the exact ending date for plaintiff's allegation has not been precisely established, but plaintiff's theory of the case is certainly well known to the litigants and counsel.