IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANDREW WOLTERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 03-3251-KHV |
| **ESTATE OF N.L. CONNER,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit against the estate of N.L. Conner, former warden at USP-Leavenworth. Plaintiff alleges that Warden Conner denied him adequate food in retaliation for plaintiff's complaints and grievances against prison officials in violation of the First Amendment and that the denial of food constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks damages under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). This matter is before the Court on Plaintiff's Motion For Partial Summary Judgment (Doc. #223) filed July 6, 2006. For reasons stated below, plaintiff's motion is sustained.

**Analysis**

Plaintiff asks the Court to grant judgment as a matter of law on the limited issue whether he has exhausted administrative remedies. Plaintiff correctly notes that as to the claims in plaintiff's first amended complaint, the Court has already ruled in his favor on the issue of exhaustion. See Memorandum And Order (Doc. #133) at 8; see also Amended Memorandum And Order (Doc. #46) at 8. Defendant argues that (1) plaintiff did not exhaust his retaliation claim because plaintiff's initial grievance, filed February 11,

2003, does not specifically allege retaliation; (2) plaintiff did not exhaust his claim for retaliation or cruel and unusual punishment based on the denial of heart healthy meals because he did not mention such a claim in his regional or central office appeals; and (3) plaintiff did not exhaust his claims based on Warden Conner's acts after February 11, 2003 because plaintiff did not file any grievances for inadequate food after the date of his initial grievance.[1]

Defendant first argues that plaintiff did not exhaust his retaliation claim because plaintiff's initial grievance filed February 11, 2003 does not specifically allege retaliation. Defendant notes that plaintiff first alleged retaliation in his regional appeal on March 5, 2003. Even though plaintiff's initial grievance did not specifically mention retaliation, it challenges the precise conduct at issue in this case and specifically names the warden as the individual responsible for the inadequate food. A prisoner is not required to tease out and specify every potential legal theory in the initial administrative grievance. See Exhibit 2 to Plaintiff's Memorandum (Doc. #224) at 2 (grievance form states "inmate request" without asking specific legal theories). Instead, a prisoner must simply notify prison officials of the alleged misconduct so that officials have an opportunity to remedy the situation.[2]  See McCarthy v. Madigan, 503 U.S. 140, 145 (1992)

---

[1] Defendant also objects that plaintiff did not exhaust any of his claims because the second amended complaint does not contain averments as to time. Because (1) the objection is untimely and (2) the Court has entered a pretrial order which supersedes the second amended complaint, the Court declines to address this objection. See Memorandum And Order (Doc. #263) filed August 23, 2006 at 2.

[2] Many times a prisoner will not know the precise reason for the alleged misconduct at the time of the initial grievance. Here, for example, plaintiff alleges that some six weeks *after* he filed his initial grievance, Warden Conner told him that he cut meals and removed food from the commissary because of the complaints against Warden Conner's top men by plaintiff and other inmates. See Exhibit 4 to Memorandum Supporting Plaintiff's Motion For Partial Summary Judgment (Doc. #224) filed July 6, 2006. Plaintiff included this information in his regional appeal which he filed shortly after Warden Conner made
(continued...)

(exhaustion doctrine acknowledges common sense notion that agency should have opportunity to correct its own mistakes before being haled into federal court); see also Porter v. Nussle, 534 U.S. 516, 524 (2002) (administrative review by correction officials intended to reduce quantity and improve quality of prisoner suits).

Defendant next argues that plaintiff did not exhaust his claim for retaliation or cruel and unusual punishment based on the denial of heart healthy meals because he did not mention such a claim in his regional or central office appeals. The Court finds that plaintiff continued to sufficiently challenge the denial of heart healthy meals in his appeals by claiming the denial of a balanced diet, the removal of fruits and juices and the removal generally of food. See Exhibits 4 and 5 to Plaintiff's Memorandum (Doc. #224).

Finally, defendant argues that plaintiff did not exhaust his claims based on Warden Conner's conduct after February 11, 2003 because plaintiff did not file any additional grievances for inadequate food after that date. Defendant takes the strained position that for continuing conduct such as the denial of adequate food, a prisoner must file a grievance every 20 days. See 28 C.F.R. § 542.14(a) (formal written administrative grievance must be filed within 20 calendar days following date on which basis for request occurred). In this case, defendant apparently claims that plaintiff should have filed some 28 grievances for the very same issue -- denial of adequate food -- between January of 2003 and September of 2004. The Court does not read the Prison Litigation Reform Act as imposing such a rigid requirement. The Court agrees substantially with the reasoning of the Fifth Circuit as follows:

> As a practical matter, [plaintiff] could not have been expected to file a new

---

[2](...continued)
the comment. See id.

-3-

>grievance every fifteen days, or each time he was assaulted (which, according to him, was virtually every day), for the entire period during which he remained unprotected in the general population. Persuasive authority holds that, in such circumstances, prisoners need not continue to file grievances about the same issue. See Sulton v. Wright, 265 F. Supp.2d 292, 295-99 (S.D.N.Y. 2003) (holding that two grievances filed during the course of a several-year period of repeated delays in treating an inmate's injured knee sufficed to exhaust the entire course of conduct, despite the prison system's rule that grievances must be filed within fourteen days of an occurrence); Aiello v. Litscher, 104 F. Supp.2d 1068, 1074 (W.D. Wis. 2000) (holding that when inmates have filed a grievance regarding a prison policy, they need not file grievances regarding subsequent incidents in which the policy is applied); cf. Lewis v. Washington, 197 F.R.D. 611, 614 (N.D. Ill. 2000) (holding that inmates complaining about various aspects of the conditions in their housing unit need only grieve their placement in that unit, not each of the various alleged unconstitutional conditions present in the unit; "[o]therwise the defendants could obstruct legal remedies to unconstitutional actions by subdividing the grievances...."). Further, the [] rules specifically direct prisoners not to file repetitive grievances about the same issue and hold out the threat of sanctions for excessive use of the grievance process. It would make little sense to require a prisoner being subjected to a frigid cell to continue to file grievances stating that the cell remains frigid, and the same principle applies here. Cf. Wilson v. Seiter, 501 U.S. 294, 303, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991) (referring to "the temperature he is subjected to in his cell, and the protection he is afforded against other inmates" both as "conditions of confinement" subject to the Eighth Amendment).

Johnson v. Johnson, 385 F.3d 503, 521 (5th Cir. 2004).[3]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Partial Summary Judgment (Doc. #223) filed July 6, 2006 be and hereby is **SUSTAINED**. The Court finds that as a matter of law, plaintiff has exhausted his administrative remedies as to claims of retaliation and cruel and unusual punishment which are set forth in the Revised Pretrial Order (Doc. #254).

---

[3] The cases cited by defendant, Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Simmat v. United States Bureau Of Prisons, 413 F.3d 1225 (10th Cir. 2005), do not mandate a different result. In Ross, the prisoner filed a grievance for denial of medical treatment on his shoulder on November 29 and December 1, 1999 and then attempted to file suit for "a laundry list of problems he encountered in seeking to obtain appropriate medical treatment" from November 29, 1999 through July of 2000. Ross, 365 F.3d at 1188. In Simmat, the prisoner filed a request to be placed on the dental treatment list, but he filed suit for denial of dental treatment. See Simmat, 413 F.3d at 1237.

Dated this 24th day of August, 2006 at Kansas City, Kansas.

                                                  s/ Kathryn H. Vratil
                                                  KATHRYN H. VRATIL
                                                  United States District Judge