IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANDREW WOLTERS, )<br>)<br>　　　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>ESTATE OF N.L. CONNER, )<br>)<br>　　　　　　　Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 03-3251-KHV |

**MEMORANDUM AND ORDER**

Plaintiff, an inmate at the United States Penitentiary in Leavenworth, Kansas (USP-Leavenworth), brings suit against the estate of N.L. Conner, former warden at USP-Leavenworth. Plaintiff alleges that Warden Conner denied him adequate food in retaliation for plaintiff's complaints and grievances against prison officials in violation of the First Amendment and that the denial of food constituted cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff seeks damages under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). This matter is before the Court on <u>Defendant's Motion For Partial Summary Judgment</u> (Doc. #228) filed July 6, 2006.

Defendant argues that it is entitled to summary judgment because (1) plaintiff's claims in the second amended complaint and the pretrial order are barred by the statute of limitations; (2) as to Warden Conner's conduct after February 11, 2003, plaintiff did not exhaust his claims; (3) plaintiff cannot proceed on a theory of supervisory liability under <u>Bivens</u>; (4) plaintiff has not presented sufficient evidence for a reasonable jury to find in his favor on his claims; and (5) plaintiff's allegations in the pretrial order are

insufficient to overcome defendant's defense of qualified immunity.[1]  For reasons stated below, the Court overrules defendant's motion.

## Analysis

**I.  Statute Of Limitations**

Defendant argues that plaintiff's claims, as stated in the second amended complaint and the pretrial order, do not relate back to his claims in the first amended complaint and therefore are barred by the statute of limitations.  The parties agree that a two-year statute of limitations applies to plaintiff's claims.  See K.S.A. § 60-513(a)(4).  Accordingly, plaintiff had until January 28, 2005 to file suit.  To the extent defendant challenges the allegations in the second amended complaint, the Court overrules defendant's

---

[1]  Defendant raises several other arguments.  First, defendant objects to subject matter jurisdiction.  In the revised pretrial order, the Court noted that notwithstanding its position at the pretrial conference, defendant now admits that it has no good faith basis to contest subject matter jurisdiction under 28 U.S.C. § 1331.  Defendant's objections to diversity jurisdiction under 28 U.S.C. § 1332 are also without merit and would be totally ineffective to accomplish their stated purpose, i.e. to prevent defendant from being presented with new non-federal claims at trial.  See 28 U.S.C. § 1367 (district court has supplemental jurisdiction over other claims that form part of the same case or controversy as claims within district court's original jurisdiction).  See Revised Pretrial Order (Doc. #254) filed August 18, 2006 at 2 n.2.

Defendant also argues that plaintiff has not exhausted his administrative remedies or presented sufficient evidence as to his claims against Warden Conner for constitutional violations which occurred after his death.  See Defendant's Memorandum In Support Of Motion For Summary Judgment Based On The Allegations Of The Pretrial Order (Doc. #229) filed July 7, 2006 at 5, 8-9.  Plaintiff's allegations are not a model of clarity, but the Court reads them as asserting that based on Warden Conner's conduct (i.e. his orders to staff to reduce plaintiff's food portions), plaintiff continued to suffer damages from these constitutional violations even after Warden Conner's death, through September of 2004.  Damages can continue to accrue beyond a defendant's death.  Accordingly, the Court overrules defendant's motion on this ground.

Finally, defendant argues that plaintiff has no standing to pursue injunctive relief.  Plaintiff has withdrawn his request for injunctive relief.  See Plaintiff's Consolidated Opposition (Doc. #236) filed July 21, 2006 at 32.  Defendant's objection is therefore moot.

objection because the Court has entered a pretrial order and the second amended complaint is no longer operative. See Memorandum And Order (Doc. #264) filed August 24, 2006 at 2. As to plaintiff's claims in the pretrial order, amendments made after the statute of limitations has run relate back to the date of the original pleading if the original and amended pleadings arise out of the same conduct, transaction or occurrence. Fed. R. Civ. P. 15(c)(2); Mayle v. Felix, --- U.S. ----, 125 S. Ct. 2562, 2569 (2005). "Rule 15(c)(2) relaxes, but does not obliterate, the statute of limitations; hence relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." Id. at 2572. Plaintiff's claims in the pretrial order, and those in the first amended complaint, certainly arise out a common core of operative facts. Plaintiff filed his first amended complaint in April of 2004, some 14 months after Warden Conner began to systematically reduce food portions. Therefore plaintiff's claims in the pretrial order are not barred by the statute of limitations, and the Court overrules defendant's motion for summary judgment on that issue.

## II.    Exhaustion Of Administrative Remedies

Defendant argues that plaintiff did not exhaust his claims as to Warden Conner's conduct after February 11, 2003 because plaintiff did not file any grievances for inadequate food after that date. The Court has already overruled this objection as part of the ruling on plaintiff's motion for summary judgment. See Memorandum And Order (Doc. #265) at 3-4. For reasons stated in that order, the Court finds that as a matter of law, plaintiff has exhausted administrative remedies as to the claims of retaliation and cruel and unusual punishment which are set forth in the Revised Pretrial Order (Doc. #254).

## III.    Supervisory Liability Under Bivens

Defendant argues that plaintiff cannot proceed on a theory of supervisory liability under Bivens

because he has not alleged (1) the identity of the subordinates acting at the direction of Warden Conner, (2) their action under color of federal law or (3) the particular conduct of the subordinates. Plaintiff argues that he can maintain a claim for supervisory liability based on the fact that Warden Conner directed others to deprive plaintiff of adequate food and nutrition.

In the revised pretrial order, the Court noted that plaintiff asserted no supervisory Bivens claim. See Revised Pretrial Order (Doc. #254) at 5 n.3. The Court's statement was addressed to a Bivens claim based on a theory of respondeat superior, not any claim against a supervisor. Because plaintiff has alleged Warden Conner's direct personal participation, he may proceed on a Bivens claim. See Steele v. Fed. Bur. of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003) (direct personal participation required to establish Bivens liability), cert. denied, 543 U.S. 925 (2004); Kite v. Kelley, 546 F.2d 334, 337 (10th Cir. 1976) (Bivens action against superior only if plaintiff shows "affirmative link" to subordinate's actions); Whayne v. State of Kansas, 980 F. Supp. 387, 394 (D. Kan. 1997) (must allege actual and knowing participation for Bivens liability). The Court therefore overrules defendant's motion on this ground.[2]

**IV.    Evidence In Support Of Retaliation And Cruel And Unusual Punishment Claims**

Defendant argues that plaintiff cannot establish the causation element of his retaliation claim because Warden Conner did not take adverse action until some six months after plaintiff filed a grievance against Officer Duane Reed. This argument is frivolous. Defendant ignores plaintiff's sworn statement that in early

---

[2]    In its reply, defendant apparently concedes that plaintiff can proceed on Bivens claim if he establishes that Warden Conner "was responsible for the actual, physical deprivation, either because he removed or reduced plaintiff's food rations, *or directed others to do so who then complied with that directive.*" Defendant's Reply To Plaintiff's Consolidated Opposition (Doc. #237) filed July 31, 2006 at 12 (emphasis added).

March of 2003, Warden Conner told him that he had received plaintiff's grievance and that plaintiff was not going to eat -- and no one was going to eat -- as long as plaintiff continued to complain against Warden Conner's top man, Officer Reed. See Plaintiff's Supplemental Answers To Defendant's First Set Of Interrogatories, Nos. 4 and 5, attached as Exhibit 2 to Plaintiff's Consolidated Opposition (Doc. #236). Based on this statement, a reasonable jury could conclude that Warden Conner reduced plaintiff's food portions in retaliation for plaintiff's complaint against Officer Reed some six months earlier. The Court therefore overrules defendant's motion on this ground.

Defendant also argues that plaintiff cannot prevail on his retaliation or cruel and unusual punishment claims because he has no evidence that Warden Conner physically reduced or removed his daily food rations or directed anyone else to do so on his behalf. Again, Warden Conner's admission that he was reducing food and would continue to reduce food as long as plaintiff continued to complain about Officer Reed is sufficient for a reasonable jury to conclude that Warden Conner either physically reduced or removed plaintiff's daily food rations or directed someone else to do so on his behalf. The Court overrules defendant's motion on this ground.[3]

## V.   Qualified Immunity

Defendant argues that the allegations in the pretrial order are insufficient to overcome its defense of qualified immunity. In particular, defendant claims that because plaintiff has not identified a particular individual who acted at Warden Conner's direction, the allegations are insufficient to show a constitutional

---

[3] Defendant has raised a number of objections to independent claims under the Eighth Amendment based on the lack of heart healthy meals or hot dinner meals. As explained in plaintiff's opposition, plaintiff's Eighth Amendment claim is based on the denial of adequate nutrition. See Plaintiff's Consolidated Opposition (Doc. #236) at 29. Accordingly, defendant's objections are overruled as moot.

violation. Again, defendant's position is frivolous. As explained above, Warden Conner's statement that he was reducing food and would continue to reduce food as long as plaintiff continued to complain about Officer Reed is sufficient for a reasonable jury to conclude that Warden Conner either physically reduced or removed plaintiff's daily food rations or directed someone else to do so on his behalf. In addition, plaintiff's allegations that defendant decreased plaintiff's food and nutrition so that he lost 40 pounds and suffered severe headaches, fatigue, dizziness and elevated stress levels are sufficient to state a violation of the Eighth Amendment. The Court has already ruled that a jury could reasonably conclude that Warden Conner denied plaintiff "the minimal civilized measure of life's necessities" consistent with contemporary standards. Memorandum And Order (Doc. #133) at 10 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Finally, the Court has explained previously that inmates have "clearly established" rights to receive adequate food and to not receive less food simply because they file grievances. See Memorandum And Order (Doc. #133) at 8-13. The Court overrules defendant's motion for summary judgment based on qualified immunity.

**IT IS THEREFORE ORDERED** that Defendant's Motion For Partial Summary Judgment (Doc. #228) filed July 6, 2006 be and hereby is **OVERRULED**.

Dated this 25th day of August, 2006 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge